IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Roymad Shaquil McDaniel, | ) | Civil Action No. 2:18-cv-01939-RMG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| Jacob Scott Jackson, K-9 Magnum, Richard A. Finch, Jr., Anderson City Policy Department, | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 79) recommending the Court grant Defendants' motions for summary judgment (Dkt. Nos. 49, 50.) For the reasons set forth below, the Court adopts the R & R as the order of the Court to grant Defendants' motions for summary judgment.

I. **Background**

Plaintiff Roymad Shaquil McDaniel filed this action *pro se* alleging various causes of action pursuant to 42 U.S.C. § 1983. This action arises out of a traffic stop and subsequent foot pursuit that occurred on February 25, 2017. Plaintiff alleges he was "riding with someone" when Defendant Richard A. Finch, Jr. ("Finch") initiated a traffic stop "due to racial profiling of seeing two innocent, defenseless, and non-threatening civilians traveling by vehicle. . ." (Dkt. No. 66 at 1–2.) Plaintiff alleges the driver of the vehicle kept going and lost control of the car, hitting another vehicle, spinning, and flipping over multiple times. (Dkt. No. 1 at 3.) Plaintiff alleges that he fled the scene and attempted to run and passed out. (*Id.*)

1

Defendant Finch avers he initiated a traffic stop on the vehicle because he observed the vehicle driving in a reckless manner above the speed limit and failing to stop for a stop sign. (Dkt. No. 49-2 at 1.) After Defendant Finch pulled the vehicle over, he approached the vehicle by foot and the "driver suddenly pulled away at a high rate of speed." (*Id.*) The vehicle struck a parked car and flipped. (*Id.*) Defendant Finch observed Plaintiff climb out of the vehicle and flee into a baseball field adjacent to a wooded area. (*Id.*) At this juncture, Defendant Finch "lost sight" of Plaintiff. (*Id.*) Defendant Finch avers that he did not see any other individuals exit the vehicle and confirmed that no other individuals were in the vehicle. (*Id.* at 1–2.)

Defendant Saxon observed Defendant Finch pull the vehicle over and saw the vehicle drive off and crash. (Dkt. No. 50-2 at 1.) Defendant Saxon arrived on the scene shortly the crash and offered to assist Defendant Finch. (*Id.*) Defendant Saxon pursued Plaintiff in the woods with his K-9 Unit, PSD Magnum. (*Id.* at 2.) Defendant Finch did not enter the woods. (*Id.*) Defendant Saxon avers that he deployed the PSD Magnum Unit for a track and the unit successfully tracked Plaintiff. (*Id.*) Plaintiff was found lying behind a brush pile and PSD Magnum bit Plaintiff's upper left leg. (*Id.*) Plaintiff became unconscious and Defendant Saxon did not release PSD Magnum until Plaintiff was handcuffed. (*Id.*) Defendant Saxon writes that EMS was immediately notified and Plaintiff was transported to the emergency room. (*Id.*)

Plaintiff maintains that he did not resist arrest because he fell unconscious. (Dkt. No. 1 at 3.) He alleges that he did not receive proper medical treatment for his leg once he arrived at the Anderson County Detention Center. (*Id.*) Plaintiff filed the instant action against Defendant Finch alleging violations of racial profiling/deliberate indifference; excessive force; and deliberate indifference to serious medical need. He asserts claims against Defendant Saxon for excessive force; and deliberate indifference to a serious medical need. He asserts a §1983 claim against

2

Defendant Anderson City Police Department. Last, he alleges general § 1983 claims against the K-9 Magnum Unit.

Defendants filed separate motions for summary judgment on April 24, 2019. (Dkt. Nos. 49, 50.) Plaintiff filed a motion for extension of time and sought to amend the complaint. (Dkt. No. 53.) The Magistrate Judge liberally construed the Complaint as alleging a Fourth Amendment violation in addition to the claims already plead. (Dkt. No. 54.) The Court allowed Defendants to file supplemental briefing on their dispositive motions to the extent they sought to address the merits of the Fourth Amendment claims. Defendants filed separate supplemental briefings on June 12, 2019. (Dkt. Nos. 56, 57.) On June 29, 2019, Plaintiff filed a response to the motions and also filed a motion to compel. (Dkt. Nos. 65, 66.) He sought all video footage of the alleged pursuit from February 25, 2017. The Court granted the motion to compel. (Dkt. No. 75.) On August 29,2019 Defendants filed a certificate of service stating they produced to Plaintiff a disc containing the requested body cam footage from Defendant Saxon. (Dkt. No. 78.) The Court also received a copy of the body cam footage. On September 27, 2019, the Magistrate Judge issued an order granting Defendants' motions for summary judgment as to all of Plaintiff's claims. (Dkt. No. 79.) On November 18, 2019, Plaintiff filed objections to the R & R. (Dkt. No. 85.)

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district

court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff filed objections in this case and the R & R is reviewed de novo.

### B. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### C. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is

4

insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## III. Discussion

### A. Defendant Finch

Upon a review of Plaintiff's claims against Defendant Finch, the Court concludes the Magistrate Judge ably addressed the claims against him for racial profiling/deliberate indifference; excessive force; and deliberate indifference to a serious medical need.

Plaintiff alleges Defendant Finch racially profiled him in violation of the Fourteenth Amendment when he initiated a traffic stop "for no reason." (Dkt. No. 66 at 1; 85 at 1.)[1] To prevail on an equal protection claim in the racial profiling context, the Plaintiff would have to show that the challenged law enforcement practice had a discriminatory effect and was motivated by a

---

[1] In his objections to the R & R, Plaintiff questions Defendant Finch's stop of the vehicle and how he knew Plaintiff was speeding. (Dkt. No. 85 at 1.) This is the first instance where Plaintiff addresses this issue. As such, the Court declines to address an issue raised for the first time in Plaintiff's objections to the R & R. *See Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996) (noting that issues raised for the first time in objections to the Magistrate Judge's R & R are deemed waived.)

5

discriminatory purpose. *King v. Harper*, No. 1:04-cv-22939-RBH, 2005 WL 3359098, at * 2 (D.S.C. Dec. 9, 2005); *Whren v. United States*, 517 U.S. 806, 810 (1996). To prove discriminatory effect, a Plaintiff must show that he is a member of the protected class and that similarly situated persons in an unprotected class were not stopped and/or prosecuted for motor vehicle violations. *King, 2005 WL 3359098*, at * 2. In this case, Plaintiff fails to demonstrate that "similarly" situated persons in an unprotected class were not stopped and/or prosecuted for motor vehicle violations. *Id.* As such, Defendant Finch's motion for summary judgment is granted as to this claim.

Regarding Plaintiff's claim for excessive force, the Court reviewed the determination of the Magistrate Judge and finds this issue was comprehensively addressed. When analyzing a claim that law enforcement utilized excessive force, a Fourth Amendment "objective reasonableness" test is utilized. The question is "whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force." *Elliott v. Leavitt*, 99 F.3d 640, 642 (4th Cir. 1996). The objective reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," and "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Ultimately, the question to be decided is whether the totality of the circumstances justifie[s] a particular sort of . . . seizure." *Smith v. Ray*, 781 F.3d 95, 101 (4th Cir. 2015). In this case, there are no facts to establish that excessive force was utilized by Defendant Finch. Plaintiff concedes that Defendant Finch "is not the K-9 handler" and that K-9 Magnum was Defendant Saxon's responsibility. (Dkt. No. 77 at 1–2.) There are no other allegations to support an excessive force

claim against Defendant Finch. For these reasons, Defendant Finch's motion for summary judgment is granted as to the excessive force claim.

Regarding Plaintiff's claim for deliberate indifference to a serious medical need, the Court finds the Magistrate Judge ably addressed this issue. To prevail on a claim for deliberate indifference to a serious medical need, a Plaintiff must show the Defendant "actually knew of and disregarded a substantial risk of serious injury to the detainee" or "actually knew of and ignored a detainee's serious need for medical care." *Young v. City of Mt. Ranier*, 238 F.3d 567, 575–76 (4th Cir. 2001). In order to succeed on an indifference claim, the Plaintiff is required to prove an objective component and a subjective component. The Plaintiff must demonstrate that the defendant prison official acted with "deliberate indifference" to the Plaintiff's "serious medical needs". *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In this case, there is no evidence Defendant Finch disregarded a substantial risk of serious injury to Plaintiff or ignored Plaintiff's serious need for medical care. There is no evidence Plaintiff's transportation to the hospital was delayed. Defendant Finch avers that he was not involved with or had control over the medical care provided to Plaintiff. (Dkt. No. 49-2 at 2.) In addition, he avers he checked on Plaintiff at the hospital approximately one and a half or two hours after Plaintiff was arrested. (*Id.*) There is no evidence that Defendant Finch was deliberately indifferent to Plaintiff's serious medical need. As such, Defendant Finch's motion for summary judgment is granted as to this claim.

**B.     Defendant Jacob Saxon**

Upon a review of Plaintiff's claims against Defendant Jacob Saxon, the Court concludes the Magistrate Judge ably addressed the claims for excessive force and deliberate indifference to a serious medical need.

With regard to the claim for excessive force, it is "well-established that all claims that law enforcement officers have used excessive force . . . should be analyzed under the Fourth

Amendment and its reasonableness standar[d]." *Graham*, 490 U.S. at 395. This includes claims that police canines were not properly deployed. *Melgar ex rel Melgar v. Greene*, 593 F.3d 348, 355 (4th Cir. 2010). The objective reasonableness standard includes "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight" and the "reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene rather than with 20/20 vision of hindsight." *Graham*, 490 U.S. at 369. Plaintiff alleges Defendant Saxon was the K-9 handler and he played a role in the excessive force suit. (Dkt. No. 77 at 1.) He alleges Defendant Saxon showed deliberate indifference as he maliciously used the K-9 which was acting as law enforcement as a violent attack dog. (*Id.*) He alleges "the K-9 officer caus[ed] medical damage by releasing an attack dog/animal on an unconscious human being." (Dkt. No. 66 at 2.)

The Court applied the *Graham* factors to the facts of this case and it is clear there is no dispute of material fact as to whether Defendant Saxon's use of force was reasonable. The first factor, considering the severity of the crime, weighs in favor of Defendant. First, Defendant Finch initiated a traffic stop on the vehicle Plaintiff was in for speeding and failure to stop for a stop sign. (Dkt. No. 49-2 at 1.) Then, the vehicle attempted to flee from law enforcement and crashed into another vehicle while doing so. (*Id.* at 1.) The second factor considers whether the suspect poses an immediate threat. This weighs in Defendant's favor as Plaintiff crashed into another car and continued to flee. The third factor considers whether the suspect is actively resisting arrest or attempting to evade arrest by flight. This factor weighs in Defendant's favor. The parties do not dispute Plaintiff exited the crashed vehicle and attempted to flee from the scene by foot. (Dkt. No. 1 at 3.) (Dkt. No. 49-2 at 1–2.) Defendant Finch avers he observed Plaintiff run into a nearby

wooded area. (Dkt. No. 49-2 at 2.) Although Plaintiff alleges in his Complaint and in his objections to the R & R that he was unconscious when the K-9 Magnum and Defendant Saxon found him, this does not create an issue of material fact as to whether Defendant Saxon exercised reasonable force to effectuate Plaintiff's arrest considering the totality of the circumstances. (Dkt. No. 1-2 at 5; 85 at 2.)

Defendant Saxon's body cam footage shows K-9 Magnum locating Plaintiff in the wooded area. The video clearly shows Plaintiff is on the ground being handcuffed for a period of twenty or thirty seconds. Defendant Saxon's incident report reflects that Plaintiff was located laying near a brush pile and K-9 Magnum bit his upper left leg. (Dkt. No. 50-2 at 1.) For for officer safety, Defendant Saxon did not command the release of K-9 Magnum until the handcuffs were on and secure. (*Id.*) After Plaintiff was arrested EMS was immediately notified and Plaintiff was transferred to the hospital. (*Id.*) Based on Plaintiff's behavior of fleeing the accident and running into a wooded area, a reasonable officer on the scene would have had probable cause to conclude that Plaintiff was continuing to evade arrest by flight. A reasonable officer in the same circumstances would have concluded it necessary to utilize K-9 Magnum to effectuate Plaintiff's arrest and release K-9 Magnum after Plaintiff was secured in handcuffs. *Stephens v. Kern*, No. 3:17-CV-00952, 2019 WL 611510, at *13 (S.D.W. Va. Jan. 17, 2019), *report and recommendation adopted*, No. CV 3:17-0952, 2019 WL 609647 (S.D.W. Va. Feb. 13, 2019). The totality of the circumstances reflects that Defendant Saxon reasonably exercised force to arrest Plaintiff and does not reflect a violation Plaintiff's Fourth Amendment rights.

Regarding the claim for deliberate medical indifference, Plaintiff fails to allege facts to establish Defendant Saxon actually knew of and disregarded a substantial risk of serious injury to the Plaintiff or that he actually knew of and ignored Plaintiff's serious need for medical care.

*Young*, 238 F.3d at 575–76. The incident report reflects that after Plaintiff's arrest, "EMS was immediately notified and [Plaintiff] was transported to the emergency room." (Dkt. No. 50-2 at 1.) As there is no evidence of deliberate indifference on the part of Defendant Saxon, his motion for summary judgment is granted as to this claim.

### C. Defendant Anderson City Police Department

Upon a review of Plaintiff's claims against Defendant Anderson City Police Department, the Court concludes the Magistrate Judge ably addressed these issues. Plaintiff alleges he is suing Anderson City Police Department for allowing the alleged K-9 Magnum attack on him. (Dkt. No. 1 at 4.) Plaintiff does not reference the Anderson City Police Department in his subsequent briefings. In order to establish a §1983 claim against a municipality, Plaintiff must establish that the constitutionally offensive actions of employees were taken in furtherance of some municipal policy. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). In this case, Plaintiff presents no allegations or evidence indicating an official policy or custom of the Anderson City Police Department lead to a violation of his rights. As such, the Anderson City Police Department's motion for summary judgment is granted as to this claim.

### D. Defendant K-9 Magnum

Upon a review of Plaintiff's claims against Defendant K-9 Magnum, the Court concludes the Magistrate Judge ably resolved these claims. It is unclear which § 1983 claims are asserted against K-9 Magnum, but §1983 claims may impute liability to "every person" who violates a constitutional right. *Sweat v. W. Virginia*, No. CV 3:16-5252, 2016 WL 7422678, at *5 (S.D.W.Va. Dec. 22, 2016). As this defendant is a dog and not a person, Plaintiff cannot sustain this claim against Defendant K-9 Magnum.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 79.) as the order of the Court and **DISMISSES** Plaintiff's complaint. (Dkt. No. 1.)

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December 2, 2019
Charleston, South Carolina